LIDDY, APPELLANT, *v.* SMOLE ET AL., APPELLEES.

(No. 77-15—Decided March 15, 1978.)

*Messrs. McCulloch, Felger, Fite & Gutmann, Mr. J. Patrick Liddy* and *Mr. Thomas J. Buecker,* for appellant.

*Garmhausen, Kerrigan, Elsass, Lewis & Co., LPA., Ms. Carroll V. Lewis,* and *Mr. James R. Shenk,* for appellees.

McBRIDE, J. *More than one year* after the incident in question, the plaintiff brought this action against the parents of Dan Smole, a minor, alleging a willful and malicious *assault* by Dan Smole and requesting damages under R. C. 3109.10. The trial court sustained a summary judgment for the defendant based upon the one year statute of limitations for assault in R. C. 2305.11.

The single assignment of error is the granting of the summary judgment based upon the application of the one year statute of limitation to an action against parents under R. C. 3109.10.

The liability of parents for damage to property and for assaults by their children is created by R. C. 3109.09 and 3109.10. Section 3109.10, relating to assaults, provides:

"Any person is entitled to maintain an action to recover compensatory damages in a civil action, in an amount not to exceed two thousand dollars and costs of suit in a court of competent jurisdiction, from the parents having the custody and control of a minor under the age of eighteen years, who willfully and maliciously assaults such

person by a means or force likely to produce great bodily harm. A finding of willful and malicious assault by such means or force is not dependent upon a prior finding of delinquency of the minor."

"Such action shall be *commenced* and heard as in other civil actions for damages." (Emphasis added.)

The language of the second paragraph appears in identical form in R. C. 3109.09.

Since the statute in question imposes liability upon parents for assaults of their children we cannot look elsewhere to determine the time for *commencement* of such an action until the meaning of the second paragraph has been ascertained.

What, then, is expressed and intended by the language that "such action shall be *commenced* * * * as in other civil actions for damages." If this language incorporates all other civil actions for damages with their varying times for commencement, it has no purpose in arriving at a time for commencement of the action against the parents.

Statutory construction requires that a section be construed in relation to its subject and its purpose. Therefore, the reference to "other civil actions" means similar actions for assault and not actions that have no characteristics of the subject matter of this section. Construing "other" to mean "similar" achieves the only reasonable purpose for its being in this section. Since the statute deals with the subject of assaults upon the person and no other heretofore existing civil or statutory action for damages it must be concluded that in this section the legislature intended and adopted the one year limitation for the commencement of actions for assault; that is, R. C. 2305.11. A review of the cases on other sections is unnecessary.

*Judgment affirmed.*

SHERER, P. J., and KERNS, J., concur.